CITIZENS BANK & TRUST COMPANY, Respondent, v. SPILOS, et ux, Appellants

SPILOS, et ux, Appellants, v. BROWN, Respondent

(287 N. W. 587.)

(File No. 8235. Opinion filed September 8, 1939.)

*Morrison & Skaug,* of Mobridge, for Appellants.

*W. M. Potts,* of Mobridge, for Respondent.

RUDOLPH, J. Plaintiff brought this action for a strict foreclosure of a real estate contract. Plaintiff is assignee of the contract wherein one A. H. Brown agreed to convey to defendants, Mike Spilos and Helen Spilos, his wife, certain real estate in the city of Mobridge, South Dakota. Under the terms of the contract the grantor agreed to convey and assure to the grantees "in fee simple, clear of all incumbrances, whatever, by a good and sufficient Warranty Deed" the land described in the contract. The defendants made the payments under the terms of the contract until such time, as it is contended by them, they learned that the building apparently upon the lot described in the contract was not within the property lines, and that the building immediately adjacent and to the north of the property conveyed, encroached upon the property which they had purchased under the contract. The grantor, A. H. Brown, was made a party to the action upon the application of the defendants who then, by appropriate pleadings, sought affirmative relief in the way of damages for the alleged encroachment upon the property.

The evidence submitted at the trial is without dispute. The lot in dispute is a business lot located in the business district of the city of Mobridge and at the time the contract was entered into, there was apparently located on this lot a brick one story building extending back from the lot line eighty feet in length. The entire lot was one hundred forty feet in length. This building before being purchased by the defendants had been rented by them from the grantor, A. H. Brown, and they were conducting a restaurant business therein. Since purchasing the building under the contract, defendants have continued to conduct a restaurant business in the building. Located immediately to the north of this restaurant building is the Annex Hotel, which is owned by the grantor, A. H. Brown, at the present time and was owned by him at the time the contract of the sale of the restaurant building was made. Mr. Brown had built both of the buildings. This Annex Hotel is a two story building extending back from the street the full length of the lot with a number of windows in the south wall. The evidence discloses that the south wall of the Annex Hotel extends the

entire length of the lot, and is located entirely on the lot which was conveyed under the terms of the contract. This wall is 13⅜ inches wide at the west end and 17¾ inches wide at the east end. At the east end the north side of this wall is 6½ inches south of the lot line and at the west end the north side of the wall is 1⅛ inches south of the lot line, so it appears that the entire wall is located on the property which defendants agreed to purchase and entends into the lot varying from 14½ inches on the west end to about 24 inches on the east. It also appears that the portion of the south wall of the Annex Hotel which is adjacent to the restaurant building, gives support to the restaurant building and forms its north wall. The trial court found regarding this wall, as follows: "* * * said wall is hereby found to be a party wall between them with all of the rights to each of the said parties to same as a party wall, including the right of support for their respective walls and buildings, and neither party has the right to interfere in any way with the right of the other party therein." Upon this appeal the defendants, against whom judgment was rendered by the circuit court, assign as error this finding of the trial court.

In view of the case of Scottish-American Mortgage Co. v. Russell, 20 S. D. 42, 104 N. W. 607, the authority of a court in this state to subject a purchaser of a building, who has neither actual or constructive notice that a wall of the building is a party wall, to the obligations incident to a party wall, may well be questioned. See also annotation in 57 A. L. R. 1411, and cases cited under the general statement, "The existence of a party wall, together with a party wall agreement, constitutes an encumbrance which justifies the vendee in refusing to take title under a contract to convey the land free and clear of all encumbrances." However, we are of the opinion that the facts in this case, are such as to preclude any holding that the north wall of this building is a party wall. There is no party wall agreement pertaining to this wall, and there is no statute in this state relating to party walls other than SDC 51.0601 which has no present application. This is not a case where the owner of buildings which have a common wall resting partly upon one lot and partly upon another conveys one of the lots. The wall in this case stands entirely upon the lot conveyed. Only a portion of the wall constitutes a common wall

between two buildings. The wall has several windows, which is opposed to the idea that it is or ever was intended as a party wall. As said in the case of Kiefer v. Dickson, 41 Ind. App. 543, 84 N. E. 523, 525: "While the presence or absence of windows is not an infallible test of a party wall, their presence is a good indication that it is not a party wall. It is improbable that a man would erect a wall to a hotel building on his own ground, placing windows therein, which are imperatively necessary in such a building, with the intention that it be a party wall." There is nothing in the record to indicate that at the time these parties contracted for the purchase and sale of this lot, they intended that this entire wall should constitute a party wall with all the rights and obligations incident thereto. Whether the purchaser, Spilos, would have an easement in that part of the wall adjacent to the building which he purchased for the support of the building, we need not now determine. We hold simply that there is nothing in this record to give support to a finding or conclusion that this entire north wall is a party wall, and to thereby impose upon the defendants the obligations incident to a party wall. We are of the opinion, therefore, that the wall in question constitutes an encroachment and an encumbrance within the meaning of that clause of the contract wherein the grantor agreed to convey the described land clear of all encumbrances.

The judgment and order appealed from are reversed.

All the Judges concur.