# Richmond

THEODORE W. FAUVER v. RICHARD P. BELL, JR.

June 18, 1951.

Record No. 3785.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

520

The opinion states the case.

*Humes J. Franklin* and *G. H. Branaman,* for the plaintiff in error.

*Parrish, Butcher & Parrish,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This action was instituted by Theodore W. Fauver by notice of motion against Richard P. Bell, Jr., a physician and surgeon, seeking to recover damages for the alleged negligence of the defendant while treating the plaintiff for accidental injuries received by him, while in the employment of the Virginia Electric & Power Company. The motion recited that the action was instituted for the benefit of the plaintiff and his employer, as their interests might appear.

Dr. Bell filed a special plea setting out that Fauver was barred from maintaining his action because he was, at the time of his accident, an employee of the Virginia Electric & Power Company, within the provisions of the Virginia Workmen's Compensation Act, Code of Virginia, 1950, section 65-1, *et seq.,* (Michie's Code of 1942, section 1887-1, *et seq.,* Acts 1918, chapter 400, page 637, as amended), and had been awarded and had accepted payment of compensation from his employer, a self-insurer. Certified copies of the memorandum of agreement as to the payment of compensation and final settlement receipt were attached to and made a part of the plea. The plaintiff moved to strike the plea on the ground that the employer-employee settlement did not include all of the elements of damage for which the defendant, as a third party tort-feasor, was liable, including pain, anguish, bodily disfigurement, loss of full wages, and other benefits.

The court overruled the motion, sustained the special plea, and dismissed plaintiff's action. The plaintiff excepted, gave due notice of appeal, assigned grounds of error, and obtained this writ.

The sole question for our decision is whether an employee who has been injured in an accident arising out of and in the course of his employment and has been awarded and has accepted the benefits provided under The Workmen's Compensation Act of this State is thereby barred from maintaining an action against a physician or surgeon for malpractice in treating the injuries resulting from the accident. The precise question has not previously been presented to this court. Our decision turns upon a proper interpretation of Code, section 65-86, considered in view of the provisions of the entire Act. That section reads as follows:

"The pecuniary liability of the employer for medical, surgical and hospital service herein required when ordered by the Commission shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living when such treatment is paid for by the injured person and the employer shall not be liable in damages for malpractice by a physician or surgeon furnished by him pursuant to the provisions of the preceding section, but the consequences of any such malpractice shall be deemed part of the injury resulting from the accident and shall be compensated for as such." (1918, p. 643; Michie Code 1942, section 1887 (27) ).

A consideration of the objects and purposes of workmen's compensatory legislation and the changes which it has wrought in the rules of the common law have been clearly and fully stated in many cases coming before this court. The legislation was for the beneficent purpose of providing compensation, in the nature of insurance, to a workman or his dependents, in the event of his injury or death, for the loss of his opportunity to engage in gainful employment when disability or death was occasioned by an accidental injury or occupational disease, to the hazard or risk of which he was exposed as an employee in the particular business, without regard to fault as to the cause of such injury or death. The pecuniary loss incident to the payment of the compensation is cast upon the employer as a part of the expenses of his business.

Under the Act both employer and employee surrender

former rights and gain certain advantages. The employee surrenders his right to bring an action at law against his employer for full damages and agrees to accept a sum fixed by statute, based on the extent of his injuries and the amount of his wages. He gains a wider security in line with the more inclusive recovery afforded. The employer surrenders his right of defense on the grounds of contributory negligence, assumption of risk and the fellow servant rule. He is relieved from liability for damages to the employee for which in an ordinary negligence case he might otherwise be liable to a much greater extent. Negligence is of no concern in a compensation case unless the injury is caused by the employee's wilful negligence or misconduct. · Rules of evidence are relaxed and procedures simplified. Rights granted and obligations imposed are limited as granted or imposed by the Act and are in their nature contractual. Enacted for the purpose of attaining a humanitarian end, the legislation, although in derogation of the common law, is highly remedial and is to be liberally construed.

Under the common law a physician or surgeon is liable for injury to his patient resulting from malpractice. 21 R. C. L., page 379, paragraph 26; 41 Am. Jur., Physicians and Surgeons, sec. 78, *et seq.* The purpose and effect of the compensation act are to control and regulate the relations between employer and employee. As between them the remedies therein provided are exclusive. It does not extinguish rights outside of and beyond the employment. Consequently, as to these, the employee's common-law remedies remain unimpaired, and they are not to be considered as altered or changed except where the legislative intent has been plainly manifested by statute. Virginia Code, 1950, section 1-2; *Griffith* v. *Raven Red Ash Coal Co.,* 179 Va. 790, 20 S. E. (2d) 530.

The rule is well settled that where one has received a personal injury as a result of the negligence of another and pursues due care in the selection of a physician or surgeon to treat the injuries and they are aggravated by the negligent treatment of such physician or surgeon, the person causing the original injury is liable for the resulting damage to the full extent. 15 Am. Jur., Damages, section 85, *et seq.,* page 495; 25 C. J. S. Damages, section 20, page 477; Anno. II, 8 A. L. R. 507; *Corbett* v. *Clarke,* 187 Va. 222, 224, 46 S. E. (2d) 327.

It is also generally recognized· at common law that two

separate causes of action accrue to the employee in the situation in question. One lies against the employer and includes compensation for both the original injury and the aggravation. The other lies against the physician and includes only damages arising from the aggravation. *White* v. *Matthews,* 221 App. Div. 551, 224 N. Y. S. 559; *Noll* v. *Nugent,* 214 Wis. 204, 252 N. W. 574. However, a few of the courts consider the employer and the physician as joint tort-feasors, and affected by the rule that the release of one tort-feasor releases all the others.

The reason for several liability of the employer and physician is well stated in *Viou* v. *Brooks-Scanlon Lbr. Co.,* 99 Minn. 97, 103, 108 N. W. 891, where this is said:

"The defendant and the physician in such a case are not joint tort-feasors; there is concert neither in project nor in action between them. Each is individually liable. Their several liabilities do not prevent recovery from either or both although they may necessitate separate proceedings to enforce the injured person's right to sue."

Workmen's compensation apts bring the employee's recovery against the employer to a lower level of compensation than that of damages recoverable at common law. The divergence arises from the different purposes of the two recoveries. Compensation recovery is fixed at a statutory rate on a purely loss-of-wage basis. Employer's liability is not based upon tort or other wrongful conduct on the employer's part, but because it is incident to the relationship of employer-employee and a part of employer's contractual liability under the Act. On the other hand, the liability of the malpracticing physician is based upon negligence, a tort, and a tort recovery is for damages for the full wrong.

There is a hopeless conflict of authority throughout the jurisdictions as to the question in issue before us, the decisions being controlled to a great extent by the terms and provisions of the particular compensation act under review, and especially as to whether there is a provision allowing an action against third parties. 41 Am. Jur., Physicians and Surgeons, section 136, page 251; 82 A. L. R. 932; 139 A. L. R. 1010.

In some jurisdictions it is held that since the consequence of malpractice is compensable on the theory that it is merely a part of the original injury the remedy, under the Act, is exclusive, and acceptance of the compensation award by the employee bars any

action against the practitioner. *Ross* v. *Erickson Const. Co.,* 89 Wash. 634, 155 P. 153, L. R. A. 1916F, 319; *Alexander* v. *Von Wedel,* 169 Okla. 341, 37 P. (2d) 252; *Williams* v. *Dale,* 139 Or. 105, 8 P. (2d) 578, 82 A. L. R. 922.

Other states allow the action on the theory that the suit for malpractice has no connection with the original injury for which compensation may be had under the compensation act. *Froid* v. *Knowles,* 95 Colo. 223, 36 P. (2d) 156; *McGough* v. *McCarthy Improve. Co.,* 206 Minn. 1, 287 N. W. 587; *Ruth* v. *Witherspoon-Englar Co.,* 98 Kan. 179, 157 P. 403, L. R. A. 1916E, 1201.

In other jurisdictions action is permitted on the theory that the physician, whether hired by the employer or not, is a third party within the contemplation of their workmen's compensation act. *Seaton* v. *United States Rubber Co.* (1945), 223 Ind. 404, 61 N. E. (2d) 177; *Pawlak* v. *Hayes,* 162 Wis. 503, 156 N. W. 464, L. R. A. 1917A, 392; *Huntoon* v. *Pritchard,* 280 Ill. App. 440, affirmed in 371 Ill. 36, 20 N. E. (2d) 53; *White* v. *Matthews, supra; Wood* v. *Vroman,* 215 Mich. 449, 184 N. W. 520.

See also, *Smith* v. *Golden State Hospital,* 111 Cal. App. 667, 296 P. 127; *Hoffman* v. *Houston Clinic* (Tex. Civ. App.), 41 S. W. (2d) 134; and *Hoehn* v. *Schenck,* 221 App. Div. 371, 223 N. Y. S. 418; *Parchefsky* v. *Kroll Bros.,* 267 N. Y. 410, 196 N. E. 308, 98 A. L. R. 1387; *Baker* v. *Wycoff,* 95 Utah 199, 79 P. (2d) 77.

The Compensation Act of Indiana has a provision, (section 40-1213, Burns, 1940, Replacement), with regard to the liability of third persons which is of similar purport to ours. The Indiana provision was construed in *Seaton* v. *United States Rubber Co., supra.* There, an employee brought action against his employer, a corporation, and his physician to recover damages for personal injuries alleged to have been sustained while the plaintiff was working for the corporate defendant, and aggravated by the malpractice of the individual defendant, who was employed as a physician by the corporate defendant under circumstances different from those in the case before us. The court expressly approved the last mentioned rule, (223 Ind. 414), and held that a physician, whether hired by the employer or not, is a third party within the contemplation of the Indiana Act.

For a review of the cases and a discussion of the distinction between third party liability in tort and the payment of compensation because of the contractual relationship between employer and employee, see Note on "Malpractice Actions and

Workmen's Compensation," 36 Virginia Law Review, October, 1950, page 781, annotation 82 A. L. R. 932, and *Huntoon* v. *Pritchard, supra.*

In the interpretation of our section 65-86, it will be helpful to look at the construction which we have heretofore placed upon certain related provisions of our Act. In this connection we are principally concerned with Code, sections 65-99, 65-37, 65-38, 65-39 and 65-108.

Section 65-99 reads:

"Every employer subject to the compensation provisions of this Act shall insure the payment of compensation to his employees in the manner hereinafter provided. While such insurance remains in force he or those conducting his business shall only be liable to an employee for personal injury or death by accident to the extent and in the manner herein specified." (1918, p. 640; Michie Code 1942, section 1887 (11) ).

Section 65-37 reads:

"The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death." (1918, p. 640; 1920, p. 256; 1924, p. 478; 1930, p. 406; 1932, p. 486; 1936, p. 591; Michie Code 1942, section 1887 (12)).

Sections 65-38, 65-39 and 65-108, (amendments to section 12 of the original Act of 1918) provide for subrogation of employer or insurer to employee's right to proceed against a third party for damages resulting from the tort of the third party.

In *Feitig* v. *Chalkley,* 185 Va. 96, 38 S. E. (2d) 73, in construing the above sections we said, "that the common law right of an employee to maintain an action against a party whose negligence caused his injuries still remains unless the statute expressly or by necessary inference curtails or denies it." (*Griffith* v. *Raven Red Ash Coal Co., supra*); that, "The remedies afforded the employee under the Act are exclusive of all his former remedies within the field of the particular business, but the Act does not extend to accidents caused by a stranger to the business;" that "If the employee is performing the duties for his employer and is injured by a stranger to the business, the com-

pensation prescribed by the Act is available to him, but that does not relieve the stranger of his full liability for the loss, and if he is financially responsible there is no reason to cast this loss as an expense on the business;'' and that the words ''other party,'' as used in Code, section 65-38 ''refer exclusively to those persons who are strangers to the employment and the work, and do not include those who have accepted the Act,'' such as a co-employee, and are within the express meaning of section 65-99.

The Act does not deny an injured employee the right to pursue his action at law against a negligent third party. The rights and remedies granted under section 65-37 are exclusive only as to an employee and his employer, and only his right to sue his employer for damages is barred by the acceptance of compensation under the Act. *Smith* v. *Virginia Ry., etc., Co.,* 144 Va. 169, 131 S. E. 440; *Chesapeake, etc., R. Co.* v. *Palmer,* 149 Va. 560, 140 S. E. 831; *Noblin* v. *Randolph Corp.,* 180 Va. 345, 23 S. E. (2d) 209.

The injured employee is not required to elect whether he shall accept an award from his employer in full compensation or proceed at law against the negligent party. *Chalkley* v. *Nolde Bros.,* 186 Va. 900, 909, 45 S. E. (2d) 297. He is given an opportunity to obtain one full recovery but prohibited from receiving a double recovery. Beyond this, the Act leaves the employee's right to recover as it was before. *Chesapeake, etc., R. Co.* v. *Palmer, supra; Noblin* v. *Randolph Corp., supra.*

This brings us to a consideration of Code, section 65-86. It is contended that the language: ''* * * but the consequences of any such malpractice shall be deemed part of the injury resulting from the accident and shall be compensated as such,'' prohibits an action by an employee against the physician, because the acceptance of compensation for both the original injury and its aggravation constitutes the limit of compensation to which an employee is entitled for his full injury.

The quoted language merely affirms the common law with respect to liability for the consequences of an aggravation of an original injury. It gives compensation to the employee in accord with the purpose and limitation of the Workmen's Compensation Act. The employer is relieved from liability in damages for malpractice by the physician or surgeon, but there is no provision for the benefit of a third party wrongdoer, whether he be a negli-

gent physician or other person. The physician is not a party to the settlement for compensation required to be made to the employee. The employer pays from the compensation fund, in which the physician has no interest, the amount of his liability under his statutory contractual agreement with the employee. The employee accepts the payment in full satisfaction of the amount due from his employer, not in satisfaction of the amount which covers the actual damages sustained.

It is next argued that the treatment of compensatory injuries is a part of the employer's business, because he is compelled to furnish medical attention and made liable for the consequences of malpractice, and that, hence the attending physician or surgeon falls within the category of "those conducting his (the employer's) business." Code, section 65-99. In support, the case of *Feitig* v. *Chalkley, supra,* is relied on, where we held that a fellow employee was not within the named category.*

█ There is no merit in the contention. In this case the pleadings allege that the aggravation of plaintiff's injury occurred at a place remote from the scene and course of his employment, and was caused by a physician who was charged with exercising his own discretion and method in the treatment of the injury. The employer was not engaged in the business or profession of practicing medicine or surgery. The physician, on the other hand, was not engaged in the business pursuit of the employer but in his own business or calling. He was an independent contractor and not a fellow servant of the employee. He was a third party, a party conducting his own business, a business other than that of the employer or the employee.

█ Our Act makes no distinction between the liability of a third person who causes the original injury and that of a third person who causes an aggravation of such injury. In each instance the employee looks to the statutory liability of the employer for his loss-of-wage compensation. The provisions for subrogation recognize, as at common law, the existence of a several cause of action against the third party. They do not exclude a physician guilty of aggravating the original injury by malpractice. They remove the objection to a double recovery by employee. They give to the employee the right to recover the

---

* The Supreme Court of North Carolina has held to the contrary in construing provisions of the Act of that State similar to those in Virginia. *Tscheiller* v. *National Weaving Co.,* 214 N. C. 449, 199 S. E. 623.

full amount of his damage by receiving payment from the wrong-doer liable therefor. They must mean that compensation alone will not cover actual damages. Compensation acts were not designed to protect a third party wrongdoer, and there is no compelling reason or logic why they should do so.

Finally, it is argued that, although our Act makes no provision permitting or prohibiting an action by an injured employee against a negligent fellow employee, we have held such action barred because such injuries are contemplated as being chargeable as an expense which the industry should bear, (*Feitig* v. *Chalkley, supra*); and that, consequently, the same rules should apply where compensation for the consequences of injuries resulting from malpractice are cast as an expense of the industry. This contention falls if the employer liable for the consequences of aggravation by malpractice has the same right of subrogation that he has where he has paid compensation for original injuries sustained by his employee by reason of a third party's wrongdoing.

So far as we are advised there are, in addition to Virginia, only three States which have provisions in their compensation acts identical with section 65-86 of our Code, viz.: Wisconsin, North Carolina, Georgia.

The Compensation Act of Wisconsin expressly permits an injured employee to sue a physician or surgeon for malpractice and prescribes a method of determining the measure of damages in the event of a verdict favorable to the employee. *Lakeside Bridge, etc., Co.* v. *Pugh* (1931), 206 Wis. 62, 238 N. W. 872.

Defendant relies upon the three following cases, each of which was decided upon the pleadings.

In *Hoover* v. *Globe Indemnity Co.* (1932), 202 N. C. 655, 163 S. E. 758, a personal representative of the deceased employee sued an insurance carrier and a physician, charging that the insurance carrier was negligent in employing a physician who negligently treated the injuries of her intestate. The carrier filed an answer and a cross-complaint against its co-defendant, the physician. It alleged that if the physician was negligent, his negligence was primary, any negligence on the part of the carrier being secondary; and that no recovery should be permitted from the party liable secondarily until an execution against the other party had been returned unsatisfied. It also alleged that if both defendants were negligent they were joint tort-feasors and that

the physician would be liable in contribution to the carrier. The physician demurred to the cross-complaint. The demurrer was sustained, and the carrier appealed.

In one brief paragraph the court, construing the law of North Carolina, held that: "Injury or suffering sustained by an employee in consequence of the malpractice of a physician or surgeon furnished by the employer or carrier is not ground for an independent action under our statute; it is a constituent element of the employee's injury for which he is entitled to compensation. In such event the employer and the carrier are primarily liable and the question of secondary liability is eliminated;" saying that, the statute referred to "applies only when the defendants or the persons sought to be made parties defendant are liable as joint tort-feasors," whereas, "In the present case, Dr. Miller, (the physician) and the carrier are manifestly not joint tort-feasors within the meaning of this section."

In *McConnell* v. *Hames* (1932), 45 Ga. App. 307, 164 S. E. 476, the plaintiff, while engaged in the business of his employer, was injured by a third party tort-feasor. Medical and surgical services were furnished to him by his employer and its insurance carrier. Subsequently he brought suit against two doctors who attended him, and the American Mutual Liability Insurance Company, the insurance carrier of the employer. He alleged that the carrier was negligent in employing unskilled physicians to attend his injuries and that the physicians were guilty of negligence in their treatment. The physicians demurred on the ground that the petition of plaintiff showed no cause of action against them by virtue of the provisions of the Workmen's Compensation Act of Georgia. The demurrer was sustained and plaintiff's action dismissed. Plaintiff appealed.

On appeal, the court, in a short discussion, pointed out that: "The prayer was for 'judgment against all defendants herein jointly in the full sum sued for,' " distinguishing the case from that of *Athens Ry., etc., Co.* v. *Kinney*, 160 Ga. 1, 127 S. E. 290, in which a widow of an employee was allowed to maintain a suit where his death resulted from the negligence of a third party, although she had been awarded and accepted compensation from her husband's employer under the provisions of the Workmen's Compensation Act; and held that, under the facts of the case under decision, the trial judge properly sustained the demurrer of the physician.

The case of *Makarenko* v. *Scott* (W. Va.), 55 S. E. (2d) 88, was decided by a divided court January 18, 1949. Makarenko sued W. W. Scott, a physician and surgeon, and the Williamson Memorial Hospital for personal injuries claimed to have resulted from negligent treatment by the defendants of an earlier injury received by the plaintiff while in the employ of the Norfolk & Western Railway Company. The defendants filed two special pleas in bar alleging that the plaintiff had been fully paid for his original injury and its aggravation from the workmen's compensation fund of his employer. A demurrer to each of the pleas was overruled, the pleas sustained and the action dismissed. The judgment was affirmed on appeal, the court holding that no right of action is created by the malpractice of a physician where the injury is compensated under the Workmen's Compensation Act, and that if such action does arise, it is discharged and satisfied by the payment of compensation. In a strong dissenting opinion, it was pointed out that while West Virginia does not have a statute with an express provision subrogating the employer to the right of the employee, the conclusion of the majority was, nevertheless, contrary to reason and the weight of authority.

The first two of the above cases were decided upon grounds different from those involved here, and the third apparently without the aid of a subrogation statute expressly preserving the right of the employee and employer against a third party wrongdoer.

The defendant's construction of Code section 65-86 would deprive the employer of his right to subrogation and confer upon the physician or surgeon a benefit to which he is not entitled. To so construe section 65-86 would be to defeat the purpose of sections 65-38 and 65-39, which have as their object the reimbursement of the employer when he is compelled to pay compensation as a direct result of the negligence of another. This would require an employer, without fault, to respond in compensation to an injured employee, while a doctor guilty of malpractice would be completely protected by the money paid by the blameless subscriber to the fund.

The physician does not share the burdens of the Act imposed upon the employer and is entitled to none of its benefits. It would seem unreasonable to assume that the legislature in its enactment of the Workmen's Compensation Act intended to save

a class of wrongdoers unrelated to the compensation scheme from the liability which the law had theretofore imposed upon them, or that independent professions by the fact of business contact with the employer should be relieved of responsibility for mistake or neglect resulting in secondary affliction. Such a holding would leave the injured employee without adequate relief, and would, we think, present a situation in contravention of the purposes of the Act.

For the foregoing reasons, the trial court erred in sustaining the special plea of the defendant, and for that error its judgment is reversed and the case remanded for trial, in accordance with the views herein expressed.

*Reversed and remanded.*