## CIRCUIT COURT OF THE CITY OF RICHMOND

John Robert Goode

　　v.

Vocational Placement Services,
Inc., et al.

February 27, 1984

Case No. LG 185

By JUDGE MARVIN F. COLE

　　On November 30, 1979, John R. Goode was injured while working as a lumberman for Toombs Brothers Lumber Company when a tree fell on him. He suffered injuries to the knee, leg, chest and shoulder and it is now necessary for him to use a cane and a back brace. He was awarded compensation by the Industrial Commission. In the spring of 1980, the insurance carrier contracted with Vocational Placement Services, Inc. (VPS), a private for profit vocational and rehabilitation company, to provide reasonable and necessary vocational rehabilitation training services for Goode in accordance with Section 65.1-88 of the Code of Virginia.

　　On April 10, 1981, through the efforts of VPS, Goode was offered employment as a night watchman for Ontario Hardwood Co., Inc., in a lumberyard 23 miles from his home. Goode refused to accept this job. Finding that Goode had refused without justification the proffered employment, the Industrial Commission terminated Goode's compensation payments on January

29, 1982, and this determination was upheld by the full Commission on April 8, 1982.

On January 5, 1983, Goode filed this civil suit against VPS and its employee, Greta H. Snidow. The motion for judgment alleges negligence on the part of the defendants, in that the defendants did not prepare an adequate job description concerning the physical limitations of Goode, that the defendants did not ascertain and consider the medical limitations of Goode, and other acts of negligence. The motion for judgment also alleged that the contract between VPS and the insurance carrier was for the benefit of Goode as a third party beneficiary and that the defendants had breached the contract. Goode asks for damages against both defendants, both compensatory and punitive.

To the motion for judgment the defendants filed a plea of lack of jurisdiction and a plea of res judicata/collateral estoppel, and the matter is now before the court on these special pleas. The contention of the defendants is that the issues in dispute are matters over which the Industrial Commission has jurisdiction and that this court therefore has no jurisdiction. The defendants further contend that the issues involved in this case have previously been litigated in the Industrial Commission and have been decided against the plaintiff Goode.

Section 65.1-88 of the Code states the following:

> As long as necessary after an accident the employer shall furnish or cause to be furnished, free of charge to the injured employee a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and such other medical attention. . . .
>
> The employer shall also furnish or cause to be furnished, at the direction of the Industrial Commission, reasonable and necessary

> vocational rehabilitation training services. . . .
>
> The unjustified refusal of the employee to accept such medical service or vocational rehabilitation training when provided by the employer, shall bar the employee from further compensation until such refusal ceases and no compensation shall at any time be paid for the period of suspension unless in the opinion of the Industrial Commission, the circumstances justified the refusal. In any such case the Industrial Commission may order a change in the medical or hospital service or vocational rehabilitation training.

A precise delineation of the scope of rehabilitation services to which the employee is entitled is not yet possible since there are no cases that have as yet reached the Supreme Court. However, the provision requiring that rehabilitation services be provided is in the same section which requires the providing of medical attention. This forcefully indicates that the General Assembly intended that the scope and availability of both types of benefits be interpreted similarly. The Supreme Court has addressed the issues pertaining to medical care of a physician.

In Fauver v. Bell, 192 Va. 518, the question was whether an employee who has been injured in an accident arising out of and in the course of his employment and has been awarded compensation by the Industrial Commission is thereby barred from maintaining an action against a physician or surgeon for malpractice in treating the injuries resulting from the accident. The court fully discussed the workmen's compensation statutes, and the objects and purposes of the act and concluded that the employee could maintain such a suit.

The Supreme Court in the Fauver case held and stated that the act does not deny an injured employee the right to pursue his action at law against a negli-

gent third party. The rights and remedies granted under the act are exclusive only as to an employee and his employer, and only his right to sue his employer for damages is barred by the acceptance of compensation under the act. The injured employee is not required to elect whether he shall accept an award from his employer in full compensation or proceed at law against the negligent party. He is, of course, entitled to one full recovery.

The Supreme Court in the <u>Fauver</u> case also stated that "the employer was not engaged in the business or profession of practicing medicine or surgery. The physician, on the other hand, was not engaged in the business pursuit of the employer but in his own business or calling. He was an independent contractor and not a fellow servant of the employee. He was a third party, a party conducting his own business, a business other than that of the employer or the employee." And the same can be said of those performing vocational rehabilitation training. They are third parties and do not conduct the trade, business or profession of the employer.

The defendants claim that in <u>Fauver</u> the employee was suing his doctor for a new personal injury caused by the doctor and for which the doctor was liable under his common law duty, and they claim that in this case Goode is not suing VPS because it breached some common law duty, but because it allegedly did not meet the obligation of Section 65.1-88, and that this was a question to be decided by the Industrial Commission.

I disagree with this contention of the defendants. The plaintiff has sued in tort and damages for breach of contract, both of which are common law actions and are not such actions that come under the jurisdiction of the Industrial Commission. The plaintiff has sued upon a new civil wrong -- that the defendants were guilty of negligence in not writing an appropriate job description, not ascertaining the extent of plaintiff's physical limitations, and other acts of negligence. These are new and distinct civil wrongs or perhaps breach of contractual obligations,

separate and distinct from the falling of the tree upon the plaintiff.

The defendants contend that the Industrial Commission has rendered three opinions finding a lack of justification for Goode's refusing the job offered to him at Ontario Hardwood Company, Inc. However, in reviewing these decisions, I can not find that the Industrial Commission has addressed the negligence, if any, of VPS, Inc. The Industrial Commission has only addressed the relationship that has existed between the employee and his employer. They have accepted the evidence of Ontario Hardwood Company as factual and have not gone into whether the vocational rehabilitation training has met the standards required of such a company to the employee. This determination is outside of the Workmen's Compensation Act.

In regard to the plea of res judicata the defendants contend that the issues involved in this case have been adjudicated by the Industrial Commission and are a bar to this suit by the plaintiff. As has already been established, the issues are not the same, but are separate and different. The negligence of the third party, VPS and its employee, and whether or not they have breached a contract with the plaintiff employee have not been determined. Therefore, the determinations of the Industrial Commission are not a bar to this suit.

I am enclosing herewith a copy of an order this day entered in this suit.