856 F.2d 699
 William Perry PENDLEY, Administrator of the Estate of Leon
H. Cassutt, Deceased, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee,
and
United States Department of Defense; United States Air
Force; United States Strategic Defense Initiative
Organization; Edwin Meese, Attorney
General of the United States,
Defendants.
 No. 87-3148.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 5, 1988.
Decided Sept. 19, 1988.
Rehearing and Rehearing En Banc Denied Oct. 14, 1988.
 
 Stephen W. Comiskey (Comiskey & Hunt, Fairfax, Va., on brief), for plaintiff-appellant.
 Joanne I. Schwartz, Torts Branch, Civil Div. (Richard K. Willard, Asst. Atty. Gen., Civil Div., Washington, D.C., Henry E. Hudson, U.S. Atty., Alexandria, Va., Jeffrey Axelrad, Director, Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., on brief), for defendant-appellee.
 Before WIDENER and SPROUSE, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 WIDENER, Circuit Judge:
 
 
 1
 William Perry Pendley, the administrator of the estate of Leon H. Cassutt, brought this wrongful death action under the Federal Tort Claims Act against the United States. The district court dismissed the case on the ground that the United States was Cassutt's statutory employer under the Virginia Worker's Compensation statute which is an exclusive remedy and deprives the court of jurisdiction for an action in tort. We agree that the United States was the statutory employer and affirm the judgment of the district court.
 
 
 2
 On September 19, 1985, Leon Cassutt was killed as a result of a solid rocket propellant fire at the Atlantic Research Facility's Pine Ridge Plant in Gainesville, Virginia. Cassutt was an employee of the Aerospace Corporation. Specifically, Aerospace was operating under a contract with the United States Air Force Space Division to provide engineering consulting and analysis with respect to work being done by Atlantic Research for the Air Force. Cassutt was at the Pine Ridge plant pursuant to the contract (the 0084 contract) between Aerospace and the Air Force and was acting within the scope of his employment at the time he was killed.
 
 
 3
 The activities which Cassutt was to observe were being conducted by Atlantic Research pursuant to a separate contract between the Air Force and Vought Corporation (the 0041 contract). Atlantic Research was a subcontractor for Vought under the 0041 contract.
 
 
 4
 The Air Force also contracted directly with Atlantic Research for research and development in rocket propellant bonding systems (the 0055 contract). It was work done pursuant to the 0055 contract that specifically lead to the fire which killed Cassutt.
 
 
 5
 The three contracts at issue were similar in many respects. The Air Force did not have the right to hire or fire employees or supervise the day-to-day operations, but did retain a right of oversight and inspection of the final product. Each contract contained a clause that held the contractors responsible for safety irrespective of any government oversight. All the contracts required the contractors to obtain and maintain workers compensation insurance, the premiums to be reimbursed by the government.
 
 
 6
 The plaintiff brought this suit under the Federal Tort Claims Act.[1] After extensive discovery and various rulings on motions for summary judgment, which need not concern us here, the court dismissed the case, as we have noted.
 
 
 7
 As an initial matter, we must decide which law should be applied in the case. The plaintiff argues that since Cassutt was a California resident, working for a California Corporation pursuant to contracts entered into by the Air Force in California, that the law of California[2] should apply despite the occurrence of the accident in Virginia. We disagree. We have only recently held that the law of Virginia controlled in a case in which an injured employee, a resident of North Carolina, of an independent North Carolina contractor, employed under a North Carolina contract of employment, who had received North Carolina worker's compensation, sued the Service Authority, owner, and another independent contractor on the job, on account of an accident which occurred in Virginia. Garcia v. Pittsylvania County Service Authority, 845 F.2d 465 (4th Cir.1988). The fact situation in Garcia is indistinguishable from that existing here, and we see no need to discuss this conflicts question at greater length.[3]
 
 
 8
 Having decided that Virginia law applies, the question becomes whether the Air Force was an employer within the statutory meaning of Va.Code Ann. Sec. 65.1-29 (1987) so as to qualify for bar of tort recovery under the exclusive remedy provisions of Sec. 65.1-40. The parties agree, as the statute requires, that a determination that the Air Force was a statutory employer requires a finding that Cassutt was executing work which was part of trade, business or occupation of the Air Force. Floyd v. Mitchell, 203 Va. 269, 123 S.E.2d 369 (1962). The parties differ, however, in the test that they would apply to make that determination.
 
 
 9
 The usual situation in worker's compensation cases in determining whether the defendant is a statutory employer is not complex. However, in cases such as this, which involve independent contractors and their employees, the analysis is complicated by the fact that such a case is of the variety which has been referred to in Virginia as an upside down worker's compensation case. See Henderson v. Central Tel. Co. of Virginia, 233 Va. 377, 382, 355 S.E.2d 596, 599 (1987). Normally, the plaintiff would seek a broad interpretation of the statutory definition of employer so as to bring the defendant within its scope and collect worker's compensation. But when, as here, the plaintiff seeks a recovery in tort law, the aim is to narrowly construe the definition so as to avoid the exclusive remedy bar of Sec. 65.1-40.
 
 
 10
 The Virginia court in Shell Oil Co. v. Leftwich, 212 Va. 715, 187 S.E.2d 162 (1972), announced that the test for an employee of a subcontractor in that case was whether an indispensable action of the statutory employer was "... normally carried on through employees rather than independent contractors." Id. at 167 (quoting Larson, The Law of Workmen's Compensation, Vol. IA Sec. 49.12. (Emphasis in treatise) Under this test, which plaintiff depends upon, the Air Force might well not be a statutory employer since Air Force personnel did not normally perform the type of work that Cassutt did. But the Shell Oil rule is not utilized by the Virginia court in each instance. In Henderson v. Central Tel., supra, the Court decided that the Shell test would not apply to an employee of a contractor installing telephone switching equipment for Centel although Centel could have performed the work itself. The Court reasoned that if Shell were carried to its logical conclusion, a business which operated entirely through subcontractors would totally escape worker's compensation liability. Henderson, 355 S.E.2d at 599. Since the fundamental purpose of the Worker's Compensation Act is remedial, this is best accomplished by a liberal construction to advance that end, "... for the beneficent purpose of providing compensation, in the nature of insurance, to a workman or his dependents, in the event of his injury or death...." Fauver v. Bell, 192 Va. 518, 522, 65 S.E.2d 575, 577 (1951). In applying the approach of Henderson, the test is what the statutory employer, in this case the Air Force, is required to do, what it is mandated to do by statute or regulation. Id. at 600.
 
 
 11
 It is argued, however, that to apply the Henderson test in a case of a public employer conflicts with the requirement under the FTCA that the government be treated as a private individual in like circumstances. 28 U.S.C. Sec. 1346(b). That approach reads Henderson too narrowly. The analysis in Henderson was applied not to give the utility a special status, but because its peculiar circumstances required a different analysis in order to give the Worker's Compensation Act its full remedial purpose. The trade, business, or occupation of the Air Force is no less governed by statute and regulation than was that of the private corporate telephone company in Henderson. Each of the three contracts involved in this case were carried out pursuant to the function of the Air Force to develop space weapons systems, undoubtedly the "trade, business or occupation" of the Air Force. While the Air Force will be held liable under the FTCA as an individual, the analysis of Henderson is appropriate in order to effectuate the remedial purpose of the Worker's Compensation Act.
 
 
 12
 The plaintiff relies on Indian Towing Co. v. USA, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), for the proposition that the United States must be treated as a private individual in FTCA cases. That, of course, is the requirement of the statute. 28 U.S.C. Sec. 2674. But what plaintiff does not acknowledge is that the statute requires that the liability of the private individual be "under like circumstances." As the Court pointed out in Indian Towing, under like circumstances the government might permit the operation of a private lighthouse, 350 U.S. at 66, 76 S.Ct. at 125, just as the circumstances here were that the government engaged the contractors involved to perform its indispensable activity in developing space weapons systems. We think it is clear that in Virginia, under Henderson, if a private individual operates a business regulated by statute or regulation, what is "a part of his trade, business or occupation" is determined by the statutes and regulations under which he operates. Thus, the Air Force as a private individual, operating under statutes and regulations as it does in the development of space weapons systems, is no less an employer under Va.Code Sec. 65.1-29 than was the private telephone company operating under statutes and regulations in Henderson.
 
 
 13
 We are of opinion the Air Force Space Division was the statutory employer of Leon Cassutt. It follows that the exclusive remedy provision of Va.Code Sec. 65.1-40 deprived the district court of jurisdiction in this case.
 
 
 14
 The judgment of the district court is accordingly
 
 AFFIRMED.[4]
 
 
 [1]
 The plaintiff had earlier filed his claim pursuant to 28 U.S.C. Sec. 2675(a). By letter, the United States denied the claim
 
 
 [2]
 Benefits were paid to Cassutt's beneficiaries under California Workers' Compensation law on the application of Aerospace, his employer
 
 
 [3]
 Garcia was not brought under the FTCA, but we do not view that as distinguishing it from the instant case. 28 U.S.C. Sec. 1346(b) only strengthens the argument that the proper law to apply is the "... law of the place where the act or omission occurred."
 
 
 [4]
 We also affirm the district court's denial of sanctions, costs and attorneys' fees