972 F.2d 340
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald D. LAWRENCE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant & Third Party Plaintiff-
Appellee,
v.
SUPERIOR MARINE, Incorporated, Third Party Defendant-Appellee.
 No. 92-1168.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 6, 1992
Decided: August 11, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CA-91-308-N)
 ARGUED: Billie Jeanne Hobbs, Breit, Drescher & Breit, Norfolk, Virginia, for Appellant.
 Philip Norton Davey, Davey Associates, P.C., Norfolk, Virginia; Anita K. Henry, Assistant
 United States Attorney, Norfolk, Virginia, for Appellees.
 ON BRIEF: Daniel R. Lahne, Knight, Dudley, Dezern & Clarke, Norfolk, Virginia, for Appellees.
 E.D.Va.
 Affirmed.
 Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In this appeal, we must decide whether the "trade, business or occupation" of the United States Navy includes painting ships. If it does, then the United States Government was Appellant Ronald D. Lawrence's statutory employer under the Virginia Workers' Compensation Act, Va. Code Ann. §§ 65.2-100 to 65.2-1310 (Michie 1991 & Supp. 1992), and is immune from suit under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. §§ 2671-2680 (West 1965 & Supp. 1992). Because we conclude that the Navy's business includes painting ships, we affirm the district court's order granting summary judgment for the Government.
 
 
 2
 On July 23, 1990, Lawrence was in the bucket of a crane painting the U.S.S. Nassau, a ship in the Navy's Atlantic Fleet. Superior Marine, Inc., Lawrence's employer, had contracted with the Norfolk Naval Shipyard to do repair and maintenance work on the Nassau. A truck owned by the Government and driven by a Government employee struck the bucket, throwing Lawrence to the concrete pier fifteen feet below. Because of this accident, Lawrence received benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901-950 (1988). Nonetheless, Lawrence sought additional relief against the Government under the FTCA.
 
 
 3
 Under the FTCA, "the United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C.A.s 2674. The Government is entitled to all defenses that a private individual may assert. Id.; Norton v. United States, 581 F.2d 390 (4th Cir.), cert. denied, 439 U.S. 1003 (1978). Because the accident occurred in Virginia, Virginia law defines both Lawrence's rights and remedies and the Government's defenses. Doganieri v. United States, 520 F. Supp. 1093, 1095 (N.D.W. Va. 1981); cf. Garvin v. Alumax, Inc., 787 F.2d 910, 916 (4th Cir.) (accidents on pier not governed by admiralty law because pier is an extension of the land), cert. denied, 479 U.S. 914 (1986).
 
 
 4
 Virginia law limits an employer's liability for an employee's workrelated injuries to workers' compensation. Va. Code Ann. §§ 65.2307 & 65.2-800(A). Virginia law does not, however, limit an injured employee's right of recovery against a third party who is not his employer or is not conducting his employer's business. Fauver v. Bell, 65 S.E.2d 575, 580 (Va. 1951). Thus, Lawrence may sue the Government only if the Government was not his employer.
 
 
 5
 The Virginia Workers' Compensation Act applies to both an employee's immediate employer and his "statutory employer." Va. Code Ann. § 65.2-302. A person hiring a contractor is the statutory employer of the contractor's employees if the work being done is part of the person's "trade, business or occupation." Id. § 65.2-302(A). "Person" as used in the Virginia Code includes corporations and government entities. See Henderson v. Central Telephone Co., 355 S.E.2d 596, 598, 600 (Va. 1987). The "trade, business or occupation" of a government entity includes "duties, obligations, and responsibilities imposed upon it by statute, regulation, or other means." Id. at 600. Whether the Government or a Government contractor actually performs the work is irrelevant in determining the Government's "trade, business or occupation," provided that statutes or regulations authorize the work in question. See id.
 
 
 6
 Lawrence contends that under Henderson only"duties, obligations, and responsibilities" that a government entity is specifically required to perform fall within the Government's "trade, business or occupation." Thus, in order for the Government to be considered Lawrence's statutory employer, federal regulations must specifically require that the Navy "paint" its ships; regulations merely authorizing "maintenance" are insufficient. We disagree. The Henderson court discussed with approval Williams v. E.T. Gresham Co., 111 S.E.2d 498 (Va. 1959). In Williams, the Virginia Supreme Court held that the repair of damaged pilings was within the "trade, business or occupation" of the Chesapeake Bay Ferry District where a statute authorized the Ferry District "to acquire, construct, operate and maintain a project to provide vehicular and passenger ferry service." Id. at 503. The Henderson court's endorsement of Williams indicates that the "trade, business or occupation" of a government entity includes activities authorized by broadly drafted statutes and regulations.
 
 
 7
 Department of Defense regulations provide that a fundamental objective of the Department of the Navy is "to organize, train, equip, prepare, and maintain the readiness of Navy and Marine Corps forces for the performance of military missions as directed by the President or the Secretary of Defense." 32 C.F.R. § 700.102 (1991) (emphasis added). Moreover, regulations also make the Commander in Chief of the United States Atlantic Fleet "responsible for the administration, training, maintenance, support and readiness of the Atlantic Fleet." Id. § 700.309 (emphasis added). These regulations authorize and require the maintenance of the ships in the Atlantic Fleet, work that we believe manifestly includes painting the ships. Indeed, to require specific regulations defining terms such as "maintenance" would needlessly expand the already voluminous Code of Federal Regulations.
 
 
 8
 Painting ships, the work performed by Lawrence's employer, Superior Marine, clearly falls within the Navy's "trade, occupation or business." As a result, the Government was Lawrence's statutory employer under Virginia law and Lawrence's remedies are limited to compensation under the LHWCA. Accordingly, the judgment of the district court is affirmed.
 
 AFFIRMED