972 F.2d 341
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony MULDROW, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-2277.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 5, 1992
Decided: August 14, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge.
 Jeffrey Arnold Breit, BREIT, DRESCHER & BREIT, for Appellant.
 Michael Anson Rhine, Assistant United States Attorney, for Appellee.
 Billie Hobbs, BREIT, DRESCHER & BREIT, for Appellant.
 Richard Cullen, United States Attorney, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Anthony Muldrow appeals the adverse judgment of the district court in his action brought against the United States under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. Finding no error, we affirm.
 
 
 2
 Muldrow, an employee of the S.C. Jones Company, which had a landscaping contract with the United States Navy, was performing weed trimming at the Norfolk Naval Base, Norfolk, Virginia, when he fell into a concealed hole containing near-boiling water, suffering secondand third-degree burns to his leg. Muldrow brought a tort action against the United States under the Federal Tort Claims Act (FTCA). The United States moved for summary judgment on the ground that it was Muldrow's statutory employer within the meaning of the exclusive remedy provision of Virginia's workers' compensation law, and consequently, Muldrow was precluded from recovering against the United States under the FTCA. The case was referred to a magistrate judge, who recommended that the motion of the United States be granted, and the district court granted the motion and entered an order dismissing the case. This appeal followed.
 
 
 3
 Because Muldrow's claim in this case is based on negligence, a state-law claim, and Muldrow is a citizen of Virginia, we follow the law of Virginia and the interpretation of that law by the state supreme court. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Under Va. Code Ann. § 65.2-302,[1]
 
 
 4
 When any person ... undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person ... for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under [the Workers' Compensation Act] which he would have been liable to pay if the worker had been immediately employed by him.
 
 
 5
 The owner under these circumstances is considered the statutory employer under Virginia law and is protected by Va. Code Ann. § 65.2307,[2] which designates the Virginia Workers' Compensation Act as a covered employee's exclusive remedy against a covered employer. If the United States is deemed the statutory employer of Muldrow, Muldrow's exclusive remedy is the Virginia Workers' Compensation Act, and he cannot seek tort recovery against the United States under the FTCA. See 28 U.S.C. § 2674 (defenses available to a private individual in tort are available to the United States under the FTCA).
 
 
 6
 The Supreme Court of Virginia, in Henderson v. Central Telephone Co., 355 S.E.2d 596 (Va. 1987), held that the question of whether a governmental entity is a statutory employer turns on what the entity is required to do by statute or regulation. Id. at 600; accord Pendley v. United States, 856 F.2d 699, 702 (4th Cir. 1988). The governmental entity in the present action, the United States Navy, has issued regulations that give absolute responsibility to the Commander, Naval Base, Norfolk, for maintaining the naval base. Pursuant to these regulations, the Commander has issued standards-of-appearance directives requiring the weed-trimming activities in which Muldrow was engaged when he suffered his injury. These directives are in keeping with the Commander's responsibility for the upkeep and maintenance of the naval base and, as such, they concern an aspect of the Navy's "trade, business or occupation." Va. Code Ann. § 65.2302. That it is part of the Navy's trade, business, or occupation to trim the grass and maintain the grounds at its naval bases is supported by the fact that at the Norfolk Naval Base, where Muldrow was injured, fifty percent of the grounds maintenance work is actually performed by Navy personnel, the other fifty percent being subcontracted out to entities like S.C. Jones Company, Muldrow's employer. J.A. at 16-17 (Affidavit of Gordon Spence, Deputy Staff Civil Engineer, Norfolk Naval Base).
 
 
 7
 Since that which S.C. Jones Company was engaged by the Navy to perform was part of the Navy's trade, business, or occupation, the Navy qualifies as the statutory employer of any persons employed by S.C. Jones Company, including Muldrow, and the Navy may rely on the statutory employer's immunity from employee tort recovery. Therefore, the district court properly granted summary judgment in favor of the United States and that judgment is hereby affirmed.
 
 AFFIRMED
 
 
 [1]
 Formerly Va. Code Ann. § 65.1-29
 
 
 [2]
 Formerly Va. Code Ann. § 65.1-40