8 F.3d 823
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eddie M. YATES, Plaintiff-Appellant,
v.
KOCH CARBON, INCORPORATED, Defendant-Appellee.
 No. 93-1600.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 24, 1993.
Decided: October 18, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Samuel G. Wilson, District Judge. (CA-92-101-A)
 James A. Eichner, Richmond, Virginia; Gregory Stuart Hancock, Sr., Hancock & Bush, Lebanon, Virginia, for Appellant.
 Forest W. Hanna, III, Koch Industries, Inc., Wichita, Kansas; Carlyle Randolph Wimbish, III, Marvin Pierce Rucker, Sands, Anderson, Marks & Miller, Richmond, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Eddie M. Yates appeals from the district court's order granting summary judgment to Koch Carbon, Inc. ("Koch") in this personal injury action based upon an on-the-job injury. The district court found that Yates's sole remedy is through the Virginia Workers' Compensation Act ("Act"), and granted summary judgment to Koch. Upon de novo review of the district court's order, we affirm.
 
 
 2
 Koch mines and sells coal. In July 1991, Yates was working for Baldwin Coal Company ("Baldwin"), an independent contractor hired by Koch to mine coal from a particular mine site. While so employed, Yates suffered an on-the-job injury, for which he has been receiving workers' compensation benefits since August 1991. Yates filed this personal injury action, alleging that his injury was caused by the negligence of Koch and one of its employees.
 
 
 3
 The Act clearly provides that an injured employee surrenders his right to bring an action at law against his employer for full damages and agrees to accept a sum fixed by statute. Fauver v. Bell, 65 S.E.2d 575, 577 (Va. 1951). All other rights and remedies against an employer are excluded by the Act. Va. Code Ann.s 65.2-307 (Michie 1993); see also Stevens v. Ford Motor Co., 309 S.E.2d 319, 322 (Va. 1983). The exclusion applies to "statutory employers," defined by the Act as an owner who contracts with a subcontractor to perform or execute any work which is a part of the owner's trade, business, or occupation. Va. Code Ann. § 65.2-302(A).
 
 
 4
 The only issue on appeal is whether the district court erred in finding that Yates was injured while doing work for Baldwin that was a part of Koch's "trade, business, or occupation." Work is considered part of an owner's trade, business, or occupation if it is "normally carried on through employees rather than independent contractors." Shell Oil Co. v. Leftwich, 187 S.E.2d 162, 168 (Va. 1972).
 
 
 5
 Koch is a coal mining company that mines, processes, cleans, and sells coal from property it either owns or leases. Koch hired Baldwin to mine Koch's coal from the ground and haul it to Koch's cleaning facility. That was the very type of work that Koch's own employees performed at other mines. Based on those undisputed facts, we find that the district court correctly concluded that Koch is an owner that contracted with another party to perform work that was a part of Koch's trade, business, or occupation. Accordingly, the district court correctly found that Koch was Yates's statutory employer and that Yates's only remedy was through the Act. Consequently, the district court properly granted summary judgment in favor of Koch.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED