**364**

Urban A. Lester, Washington, D. C. (Albert H. Greene, Washington, D. C., Robert L. Murphy, Alexandria, Va., Robert M. Stefanon, Greensburg, Pa., and Larson & Greene, Washington, D. C., on brief), for appellant.

Phillips M. Dowding, Newport News, Va., for appellee.

Before BRYAN and BELL, Circuit Judges, and FIELD, District Judge.

**Wendell EVANS, Appellant,**

v.

**NEWPORT NEWS SHIPBUILDING & DRY DOCK COMPANY, Appellee.**

No. 10354.

United States Court of Appeals
Fourth Circuit.

Argued May 2, 1966.

Decided May 11, 1966.

PER CURIAM:

For serious personal injuries suffered by Wendell Evans on July 16, 1962 while working as a welder in the erection of cranes at the Virginia shipyard of the Newport News Shipbuilding and Dry Dock Company, he sued for damages, alleging the company's negligence as the cause of the accident. At the time, he was in the employ of McLean Contracting Company, which had been engaged by the shipbuilding company to install two cranes. The action was dismissed—and rightly we think—on Shipbuilding's motion for summary judgment.

Decision was grounded on the Virginia Workmen's Compensation Act, Code of 1950, as amended, §§ 65–26 and 65–37, declaring an employee's right to compensation under this statute to be his exclusive remedy. The Act bars suit by an employee of a contractor or sub-contractor against the owner of the project if the employee is injured in work which is "a part of the [owner's] trade, business or occupation". Concededly the requirements of the Act have been met and the plaintiff Evans has accepted its benefits.

The record discloses no genuine issue upon the material facts in the case and they bring him squarely within the Act.

Hence his sole remedy is the recovery of statutory compensation. This was the view of the District Court in dismissing the action.

Affirmed.