## CIRCUIT COURT OF THE CITY OF NORFOLK

Robert G. Bowen

v.

Allied Towing Corp. et al.

May 19, 1980

Case No. (Law) L-79-101

BY JUDGE JOHN W. WINSTON

In his Amended Motion for Judgment, plaintiff Robert G. Bowen seeks money damages from defendants Allied Towing Corporation, Continental Transport Corporation, and Allied Repair Service, Inc., for injuries allegedly sustained through their negligence on July 16, 1978. Bowen contends that at the time of the accident, he was employed by Perry Welding Company and engaged in welding repair work on board the tug *Star Crescent* while that vessel was at the yard of Allied Towing Corporation in Norfolk.

Certain discovery proceedings and affidavits having now been completed and filed, Allied Repair Service, Inc., moves for summary judgment and for its dismissal as a party defendant. It states three reasons why.

(1) Robert G. Bowen was its borrowed servant at the time of his accident.

(2) Even if he was an employee of subcontractor Perry Welding company at such time, Bowen is precluded from suing Allied Repair Service, Inc., the general contractor.

(3) His cause of action has been assigned to his employer Perry Welding Company and to its compensation carrier, and he therefore cannot pursue it now on his own.

Allied Repair first urges that Bowen's admissions of facts and the affidavits of Wayne Dunn, E. P. Kaiser, and W. K. Johnson require a finding that Bowen was its borrowed servant. It says that Bowen's

affidavit in rebuttal is not sufficient to raise an issue of fact and thus defeat summary judgment.

That a borrowed servant cannot sue for damages his employer as a third party is well established, both under the Virginia compensation law and under the Federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. *Coker v. Gunter*, 191 Va. 747 (1951); *Ruiz v. Shell Oil Co.*, 413 F.2d 310 (5th Cir. 1969); *Gaudet v. Exxon Corp.*, 562 F.2d 351 (5th Cir. 1977), cert. denied 436 U.S. 913.

But though the question of whether an injured person was or was not a borrowed servant is most often a question of law (*see Ruiz* and *Gaudet, supra*), it can be a question for the fact finder if a conflict of facts exists. *Southern Stevedoring Corp. v. Harris*, 190 Va. 628 (1950); *Kramer v. Kramer*, 199 Va. 409, 415 (1957).

Here the Court does not feel that there are enough undisputed facts admitted by Bowen or stated in the various affidavits to permit it to declare him a borrowed servant at this time. This is not to suggest that Allied Repair cannot successfully renew its motion for summary judgment on that ground after the factual presentation at any trial, nor to suggest that Bowen's present affidavit rebuts the others as filed.

Allied Repair next argues that Bowen as an employee of subcontractor Perry Welding Company cannot seek damages from general contractor Allied Repair. This is a correct statement under the Virginia Workmen's Compensation Act, § 65.1–1 *et seq.*, but an incorrect statement under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq. Sykes v. Stone and Webster Eng. Corp.*, 186 Va. 116 (1947); *Bassett Furniture Industries, Inc. v. McReynolds*, 216 Va. 897 (1976); *Evans v. Newport News Shipbuilding and Drydock Co.*, 361 F.2d 364 (4th Cir. 1966); *Probst v. Southern Stevedoring Company*, 379 F.2d 763 (5th Cir. 1967); *DiNicola v. George Hyman Construction Co.*, 407 A.2d 670 (D.C. 1979).

In this case, Bowen sought and received workmen's compensation benefits from the carrier for Perry Welding Company under the Longshoremen's and Harbor Workers' Compensation Act. More importantly, he alleges injury while doing repair work on board a vessel at the yard of Allied Towing Company and claims entitlement to the benefits of the general maritime law of the United States. Being unable to state at this stage in the litigation that Bowen cannot properly claim compensation benefits under the Federal statute, this Court must deny

the general contractor's present motion for summary judgment founded upon its statutory employee ground.

Finally, Allied Repair asserts that Bowen's third-party damage claim against it has been irrevocably assigned to his employer Perry Welding Company or its carrier Bituminous Casualty Company and that he cannot proceed with such claim now. This assertion is sound.

In his response to the Request for Admissions earlier filed by Allied Towing Corporation and Continental Transport Corporation, Bowen admitted that his accident occurred July 16, 1978, that his employer was Perry Welding Company and that its workmen's compensation carrier was Bituminous Casualty Company, that because of this accident, Bituminous Casualty paid him compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act from July 16, 1978, through September 11, 1978, and from September 30, 1978, through October 22, 1978, and paid medical expenses on his behalf, that Perry Welding filed an Employer's First Report of Accident Form BEC-202 with the Deputy Commissioner, United States Department of Labor, which has maintained a file on this matter, that Perry Welding notified such Deputy Commissioner of the payment of such compensation by Bituminous on a voluntary basis and that all such required forms and medical reports were timely filed with and received and accepted by the Deputy Commissioner.

This Court's file reflects that Bowen's damage suit against Allied Repair Service, Inc., in the form of the Amended Motion for Judgment was not commenced until October 3, 1979.

Title 33 U.S.C. § 933(b) provides that acceptance of workmen's compensation under an award shall operate as an assignment to the employer of all rights of the injured worker against any third person (tortfeasor) unless the worker commences an action against such third person within six months after such award. The voluntary payment of compensation benefits and the filing of the required documents with the Deputy Commissioner constitutes such a statutory award and assignment. *Liberty Mutual Ins. Co. v. Ameta and Co.*, 564 F.2d 1097 (4th Cir. 1977); *Caldwell v. Ogden Sea Transport, Inc.* (and consolidated cases), 676 F.2d 106 (4th Cir. 1982); *Rodriguez v. Compass Shipping Co., Ltd.*, 617 F.2d 955 (2d Cir. 1980).

The date of such award and assignment is the date on which the voluntary payment of benefits is commenced and accepted by the injured worker and on which the required paperwork is filed with and

accepted by the Deputy Commissioner. *Larson v. Associated Container Transp. (Australia), Ltd.*, 459 F. Supp. 561 (E.D. Va. 1978).

In light of the plain language used by Congress in § 933(b) and its clear intent there shown, this Court now holds that since Bowen did not file a third-party damage suit against Allied Repair Service, Inc., until more than six months after the compensation award, any such right to sue was irrevocably assigned to Perry Welding or to Bituminous Casualty by the passage of that period of limitations. In the absence of any election by them to bring such a suit for his use and benefit, Bowen cannot now do so on his own. *Rodriguez v. Compass Shipping Co., Ltd., supra; but contra, see Caldwell v. Ogden Sea Transport, Inc., supra.*