BOBBI RASNICK, ADMINISTRATRIX, ETC., ET AL.

V.

THE PITTSTON COMPANY, INC., ET AL.

Record Nos. 870436 and 870437

April 21, 1989

Present: All the Justices

*Joseph A. Yablonski (John F. Colwell; Daniel R. Bieger; Yablonski, Both & Edelman; Copeland, Molinary & Bieger*, on briefs), for appellants.

*Loren Kieve (William W. Eskridge; Wade W. Massie; Debevoise & Plimpton; Penn, Stuart, Eskridge & Jones*, on brief), for appellees.

LACY, J., delivered the opinion of the Court.

In this appeal, we consider under what circumstances the Virginia Workers' Compensation Act allows an injured employee to bring a common-law tort action for negligence.

The facts are undisputed. Clinchfield Coal Company (Clinchfield) develops, mines, processes, and ships coal throughout Southwest Virginia. Clinchfield's business includes engineering, mine safety, mining, processing, and shipping activities. On June 21, 1983, an explosion at Clinchfield's McClure Mine No. 1 in Dickenson County, Virginia, killed seven coal miners and seriously in-

jured three other miners. All the miners were employed by Clinchfield.

Bobbi Rasnick[1] was appointed the personal representative of one of the miners. Rasnick and the other miners applied for and received benefits under the workers' compensation coverage carried by Clinchfield. While receiving disability benefits, Rasnick brought this common-law negligence action. The suit named as defendants The Pittston Company (the parent company of Clinchfield), and Pittston Resources, Inc. and Pittston Coal (sister companies of Clinchfield and subsidiaries of The Pittston Company). Also named as defendants were two employees of Clinchfield, John Crawford and Monroe West. (Defendants will be referred to collectively as Pittston.)

Rasnick's motion for judgment alleged the following: that Pittston negligently had prepared certain mine and ventilation plans for the McClure mine; that Pittston negligently had inspected the mine and had allowed unsafe levels of methane to accumulate; that Pittston negligently had trained personnel at the McClure mine; and that Pittston had failed to supply proper equipment. In response, Pittston filed a special plea stating that the Virginia Workers' Compensation Act was Rasnick's exclusive right and remedy. After hearing evidence on the plea, the trial court sustained Pittston's plea, finding that the Act's exclusivity provision, Code § 65.1-40, barred Rasnick's claim. We affirm.

When an employee is injured in a work-related accident, the Virginia Workers' Compensation Act provides the sole and exclusive remedy available against the employer. Code § 65.1-40. The employee is assured of recovery without having to defend against allegations of contributory negligence, assumption of risk, or causation by fellow servants. The exclusive nature of the Act, however, does not bar a suit for negligence in all circumstances. As stated by this court in *Feitig* v. *Chalkley*, 185 Va. 96, 99, 38 S.E.2d 73, 74 (1946):

---

[1] Appellant Bobbi Rasnick is the administratrix of the estate of Mary Kathleen Counts. The other appellants in this appeal are Merrel French, widow and administratrix of the estate of Covey French; Deborah Hall, widow and administratrix of the estate of Ernest A. Hall; Nola McCoy, widow and administratrix of the estate of Luther McCoy; Ella Jean Stamper, widow and administratrix of the estate of Dale Stamper; Edra Riner, widow of Forrest C. Riner, Jr.; G. Sue Ladd, administratrix of the estate of Forrest C. Riner, Jr.; Harold Boyd, and his wife, Carolyn R. Boyd; Emmery Howard, and his wife, Susan D. Howard. Appellants will be referred to collectively as Rasnick.

It is clear that where the negligence causing the injury is *that of a stranger to the business*, the employee should not, and is not, deprived of his common-law right of action against such stranger for the reason that, though the accident may arise out of and in the course of the employment, the dominant cause of the accident is not inherent in the business and is not a loss which the act contemplates that the industry should ultimately bear. (Emphasis added.)

Pittston claims that because it is not a "stranger to the business," it is not amenable to a suit for negligence. Rasnick, on the other hand, urges us to restrict the application of the "stranger to the business" doctrine in determining who is liable to suit under Code § 65.1-41. In support of her position, Rasnick urges us to adopt the approach of the Sixth Circuit Court of Appeals in *Boggs* v. *Blue Diamond Coal Co.*, 590 F.2d 655 (6th Cir.), *cert. denied*, 444 U.S. 836 (1979). We do not find that case dispositive or applicable to Virginia law.

In *Boggs*, the Sixth Circuit applied the Workers' Compensation Act of Kentucky. The Kentucky Act provides that an injured employee's exclusive remedy is against the actual employer and others who perform certain types of services for the employer pursuant to a contract. Blue Diamond was the parent company of Boggs' actual employer and performed certain services for the employer. Although no express contract for those services existed, the district court determined that an implied contract existed based on the affiliated status of Blue Diamond and Boggs' actual employer. Consequently, the district court restricted Boggs' remedy to the Workers' Compensation Act.

Overturning the district court, the Sixth Circuit refused to allow the affiliated status of the corporations to support the creation of a contract under the Kentucky Act. The Sixth Circuit held that, to invoke the exclusive remedy of the Kentucky Workers' Compensation Act, the corporation must have performed the work under an actual contract. *Boggs*, 590 F.2d at 661. Because no actual contract existed, the Act did not limit Boggs' right to recover and he could maintain a tort action for negligence against Blue Diamond. *Id.* at 661-63.

Unlike the Kentucky Workers' Compensation Act, the Virginia statute does not require the existence of a "contract" to invoke exclusive coverage. Nevertheless, Rasnick seeks to have this

Court graft such a requirement to the traditional "stranger to the business" analysis utilized in determining whether the Virginia Act precludes a common-law suit for negligence.

Rasnick asserts that the exclusivity provisions of the Workers' Compensation Act should not apply to injuries resulting from actions that Pittston voluntarily undertook when it provided safety services. In other words, a contract for these services should exist to bring Pittston within the exclusivity provisions of the Act. Further, relying on *Boggs*, Rasnick contends that the affiliated status of Clinchfield and Pittston does not support the existence of a contract, express or implied.

■ The analysis utilized in applying the exclusivity and related provisions of the Virginia Workers' Compensation Act is long standing and well established. In *Feitig*, the exclusivity requirement was traced from §§ 11 and 12 of the original Act. Acts 1918, c. 400 at 640.

> When the theory, the history and the broad purpose of the act are considered, it would seem that "other party," as used in section 12, refers exclusively to those persons who are strangers to the employment and the work, and does not include those who have accepted the act and are within the express terms of section 11- "he (employer) or those conducting his business."

185 Va. at 104, 38 S.E.2d at 76.

Sections 11 and 12 referred to in *Feitig* now are codified as Code §§ 65.1-40, 41, and 103. Although the General Assembly has amended and recodified the Act, the language of the provisions pertinent here has remained virtually unchanged, with one significant exception. In 1977, the General Assembly defined the phrase "those conducting his business" contained in former § 11 and present § 65.1-103. That definition codified the interpretation established in *Feitig*, which has been applied since the time of that decision in determining whether the Act is the exclusive remedy of an injured employee.

■ Under Virginia law, the test continues to be whether the act complained of relates to the business of the employer. The existence of a contract is not required. Moreover, the General Assembly has not established that a contract is a prerequisite to coverage under the Act. To require that an express contract exist

between the actual employer and the corporation performing the allegedly negligent act before the exclusive remedy of the Act can be invoked may or may not be an appropriate legislative step. Certainly it is not one to be taken by judicial fiat. *Intermodal Services, Inc.* v. *Smith*, 234 Va. 596, 603, 364 S.E.2d 221, 226 (1988).

In the instant case, the trial court, unlike the district court in *Boggs*, did not utilize the corporate affiliation of Pittston and Clinchfield to hold that the Act constituted the exclusive remedy of Rasnick. Instead, it determined that Pittston performed the complained of actions as part of the trade, business, and occupation of Clinchfield separate and apart from any corporate connection. Consequently, Pittston was not a stranger to the business of Clinchfield.

In the record before us, there is no basis for reversing the factual conclusion of the trial court. Similarly, the legal conclusion based on these facts is consistent with previously decided cases. *See, e.g., Whalen* v. *Dean Steel Co.*, 229 Va. 164, 169, 327 S.E.2d 102, 105, *appeal dismissed*, 474 U.S. 802 (1985) (subcontractor was no stranger to work of plaintiff's employer and, therefore, Act precluded plaintiff's action); *Stewart* v. *Bass Constr. Co.*, 223 Va. 363, 367, 288 S.E.2d 489, 491 (1982) (rental crane and rental crane operator found to be a part of the trade, business or occupation of plaintiff's employer); *Rea, Administratrix* v. *Ford*, 198 Va. 712, 717, 96 S.E.2d 92, 96 (1957) (defendant held not to be "stranger to the business").

Because Pittston was not a "stranger to the business" of Clinchfield, Rasnick's exclusive remedy was under the Workers' Compensation Act. We, therefore, will affirm the trial court's dismissal of the action.

*Affirmed.*