972 F.2d 345
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert L. WOOD, Plaintiff-Appellant,
v.
Carlton F. JOYCE, t/a Carlton Joyce Wrecker Service & Body
Repair; John Doe, Defendants-Appellees.
 No. 91-1838.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 4, 1992
Decided: August 10, 1992
 
 Appeal from the United States District Court for the Western District of Virginia at Roanoke. James C. Turk, Chief District Judge. (CA-88-168-R)
 ARGUED: Evans B. Jessee, Roanoke, Virginia, for Appellant.
 Jonnie Luane Speight, Johnson, Ayers & Matthews. Roanoke, Virginia, for Appellee.
 ON BRIEF: William P. Wallace, Jr., Johnson, Ayers & Matthews, Roanoke, Virginia, for Appellee.
 W.D.Va.
 Affirmed.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and MURRAY, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Wood appeals the district court's dismissal by summary judgment of his negligence claim against Carlton Joyce. The claim arose out of an on-the-job accident in which Joyce, an independent contractor hired by Wood's employer, caused injury to Wood. The district court determined that because at the time of the accident Joyce was engaged in the business of Wood's employer, the Virginia Workers' Compensation Act provided Wood's sole remedy. We affirm.
 
 
 2
 * Wood was employed as a tractor-trailer driver by Russell Transfer Company (Russell Transfer). In April of 1986, when the tractor-trailer that Wood was driving became disabled in the state of Virginia, Russell Transfer hired Joyce's wrecker company to deliver a replacement tractor to Wood and to tow the disabled tractor to a Russell Transfer repair facility.
 
 
 3
 At the time, Russell Transfer owned its own wreckers, and normally used those wreckers to recover its disabled tractors. Sometimes, however, when it was convenient, Russell Transfer hired independent operators such as Joyce to carry out the task of recovering disabled tractors. Joyce had been hired previously by Russell Transfer to perform similar tasks.
 
 
 4
 Joyce arrived at the site of the break-down with a replacement tractor in tow. He removed the replacement tractor from his wrecker, started the replacement tractor's engine, and, several minutes later, began to move it into position to be engaged with Wood's trailer. Wood, not expecting Joyce to move the replacement tractor, was standing in front of the tractor when it started forward. The tractor struck and injured him.
 
 
 5
 Wood applied for and received Workers' Compensation for his injuries. Although Worker's Compensation normally provides a worker's sole remedy for a work-related injury, Wood sued Joyce in tort, claiming that Joyce was a "stranger" to Russell Transfer, and therefore was not covered by Russell Transfer's Workers' Compensation "umbrella." Joyce contended to the contrary that, because he was an independent contractor engaged in Russell Transfer's "trade, business or occupation," Workers' Compensation provided Wood's sole remedy.
 
 
 6
 After discovery and the filing of affidavits, the district court granted Joyce's motion for summary judgment on the ground that Workers' Compensation provided Wood's sole remedy. This appeal followed.
 
 II
 
 7
 In reviewing a grant of summary judgment we apply the same standard as the district court; that is, we ask whether there exists a genuine issue of material fact for trial. Helm v. Western M. R. Co., 838 F.2d 729, 734 (4th Cir. 1988). As always, we consider the facts in the light most favorable to the non-moving party. Adickes v. S. H. Kress & Co. 398 U.S. 144 (1970). The Virginia Workers' Compensation Act (the Act) provides that compensation for an injured employee under the Act's provisions "shall exclude all other rights and remedies ... at common law or otherwise, on account of such injury...." Va. Code Ann. § 65.2-307 (Michie 1991). The Act further provides that the employer "or those conducting his business shall only be liable to an employee for personal injury ... by accident to the extent and in the manner herein specified." § 65.2-800(A) (emphasis added). The Act defines "those conducting [the employer's] business" as "any person whose act results in an injury ... [that] arises out of and in the course of employment by an employer who is or may be liable for the payment of compensation." § 65.2-800(C). In other words, if an alleged tortfeasor is engaged at the time of the injury in the business of the injured party's employer, then that employer will be liable for compensating the injured employee under the terms of the Act. If the alleged tortfeasor is not engaged in the business of an employer, he "shall be deemed an 'other party'," unders 65.2-800(C), and the injured employee may sue that "other party" in tort. An independent contractor who is engaged in the business of an employer, and who therefore comes within the employer's Workers' Compensation "umbrella" is sometimes referred to as a "statutory employee."
 
 
 8
 To determine whether an independent contractor who is an alleged tortfeasor is an "other party" who may be sued in tort, "the test continues to be whether the act complained of relates to the business of the employer." Rasnick v. Pittston Co., 379 S.E.2d 353, 355 (Va. 1989). The court must ask whether, at the time of the accident, the alleged tortfeasor was performing work that was "part of[the employer's] trade, business or occupation." Stevens v. Ford Motor Co., 309 S.E.2d 319 (Va. 1983). In proving that his actions relate to the business of the employer, and thus that he is not an "other party" who may be sued in tort, the alleged tortfeasor need not show that he had an express contract with the employer, only that when the injury occurred he was engaged in the employer's business. Rasnick, 379 S.E.2d at 355.
 
 
 9
 Wood makes two contentions supporting his claim that Joyce is amenable to an "other party" tort action. First he argues that Virginia law specifically mandates that a sole proprietor such as Joyce may never be considered a "statutory employee," even when acting as a subcontractor for an employer. Second, Wood contends that, even if Joyce were engaged in Russell Transfer's business during most of his employment, at the exact time of the accident he was volunteering his services, and a volunteer may never be considered a statutory employee. Each of these arguments misconstrues governing law, and neither warrants reversal of the district court's grant of summary judgment to Joyce.
 
 
 10
 * At the time of the accident Joyce owned and operated his own wrecker service. He employed no one other than himself, and was thus a sole proprietor. Wood contends that Virginia law holds that an independent contractor who is a sole proprietor cannot himself be a "statutory employee" of an employer such as Russell Transfer. As authority for this proposition, Wood cites Intermodal Services, Inc. v. Smith, 364 S.E.2d 221 (Va. 1988), a case holding that, where a sole proprietor/independent contractor himself was injured on the job by an employee of the company that hired him, the sole proprietor was not a statutory employee of the company that hired him, and, thus, the sole proprietor could maintain a tort action against the employer. Wood attempts to analogize the holding of Intermodal to the facts of his own case, where the independent contractor/sole proprietor was not himself injured, but caused an injury to the company's employee.
 
 
 11
 A later Virginia case rejects Wood's argument. In Evans v. Hook, 387 S.E.2d 777, 779 (Va. 1990), a sole proprietor injured an employee of the company for which they both were working. Rejecting the claim that a sole proprietor could never be considered a statutory employee, and that such a sole proprietor who is a tortfeasor will always be liable in tort for work-related accidents, the Virginia Supreme Court stated:
 
 
 12
 [A] defendant's business structure and number of employees have never been considerations in deciding whether he is entitled to the act's immunity. Instead, as we have pointed out, the issue turns on the defendant's relation to the project on which the plaintiff was injured.
 
 
 13
 Id. at 799. Wood's contention that Joyce's status as a sole proprietor prevents him from becoming a statutory employee of Russell Transfer is therefore unsupported. The question remains whether Joyce was an "other party" in relation to Russell Transfer at the time he caused Wood's injury.
 
 B
 
 14
 Wood's claim on this point is that because Joyce was acting as a volunteer at the time of the accident, he cannot be a statutory employee of Russell Transfer under Virginia law. Wood relies for this contention on Virginia cases involving "volunteered acts" by delivery persons. Under these "delivery" cases, if a delivery person covered by his employer's Workers' Compensation umbrella is injured while volunteering his labor to the recipient of the delivered goods, he may sue that recipient in tort. See Buffalo Shook Company v. Barksdale, 141 S.E.2d 738 (Va. 1965); Stevens v. Ford Motor Co., 309 S.E.2d 319 (Va. 1983). According to Wood, it follows logically from these cases that, where a delivery person who is volunteering his labor causes injury to a recipient of goods, the delivery person is an "other person" against whom the injured recipient may maintain a tort action.
 
 
 15
 The delivery cases are simply inapposite to Wood's claim-either directly or by logical extension. Joyce was not a delivery person injured by a recipient while performing volunteered work outside that of his employer. He was an independent contractor who allegedly injured the "recipient" of services being performed by Joyce as an integral part of his employer's business-recovering disabled truck rigs.
 
 
 16
 The rights and duties under the Workers' Compensation Act of independent contractors such as Joyce are governed by Bosher v. Jamerson, 151 S.E.2d 375 (Va. 1966), rather than by the "delivery" cases relied on by Wood. In Bosher, plaintiff was injured while working for his employer, a construction company. The injury was caused by the negligent act of a subcontractor who had been hired by the construction company to lay down a bed of sand in preparation for pouring concrete. Id. at 376. The injured employee received Workers' Compensation for his injury through his employer, but also attempted to maintain a tort action against the subcontractor. Id. at 375. The Virginia Supreme Court found that because the subcontractor was hired by the construction company to "perform work that was part of the trade, business or occupation of [the construction company]," the subcontractor was not an "other party" who could be sued in tort. Id. at 377; see also Rea v. Ford, 96 S.E.2d 92 (Va. 1957) (injured employee of primary contractor may not maintain tort action against subcontractor where subcontractor is engaged in the business of the primary contractor).
 
 
 17
 Here, the record clearly demonstrated that Joyce was an independent contractor hired by Russell Transfer to undertake a function normally carried out by Russell Transfer's own employees-recovering disabled tractors. Just as the subcontractor in Bosher came within the Workers' Compensation umbrella of the construction company that hired it, Joyce falls under Russell Transfer's Workers' Compensation umbrella, preventing Wood from maintaining a tort action against him.
 
 
 18
 Wood contends that, although Joyce may have been under Russell Transfer's Workers' Compensation umbrella while performing duties that he specifically had been hired to undertake, he was not under that umbrella at the time of the accident because the employment agreement between Russell Transfer and Joyce did not specifically require Joyce to move the tractor. This argument is unavailing. Virginia law does not require courts to examine the minutiae of employment contracts to determine whether each action taken by an independent contractor falls within the parties' agreement, and therefore whether it falls under the employer's Workers' Compensation umbrella. So long as a court properly determines that an independent contractor was hired by a company to perform tasks integral to that company's business, the exact contours of the "contract" between the company and the independent contractor are irrelevant to the"other party" inquiry. See Rasnick, 379 S.E.2d at 355.
 
 
 19
 Regardless of whether Russell Transfer specifically expected Joyce to move the tractor as part of his employment on this particular occasion, it is undisputed that Joyce was hired to perform functions that were normally part of the business of Russell Transfer and was performing them when Wood's injury occurred. As such, Joyce comes under Russell Transfer's Workers' Compensation umbrella, and Workers' Compensation provides Wood's sole remedy.
 
 III
 
 20
 Having been presented with the uncontested fact that Joyce was hired by Russell Transfer to perform tasks central to the normal conduct of Russell Transfer's business, the district court properly determined as a matter of law that Joyce came under Russell Transfer's Workers' Compensation "umbrella," and that the Virginia Workers' Compensation Act furnished the sole remedy for Wood's injury. There being no genuine issues of material fact remaining for trail, the court properly granted summary judgment for Joyce.
 
 AFFIRMED