# CIRCUIT COURT OF THE CITY OF SUFFOLK

Ferhat Bilgin

v.

Betty Rawls Rogerson et al.

September 14, 1998

Case No. CL97000363

BY JUDGE RODHAM T. DELK, JR.

In this case, Ferhat Bilgin sues Betty Rawls Rogerson, individually and trading as Lady Express Trucking, for injuries he received as an employee of Canady & Rogerson Trucking. The defendant filed a plea in bar, alleging that the Workers' Compensation coverage afforded Bilgin as a Canady & Rogerson employee was his exclusive legal remedy.

I have considered the evidence and arguments as well as applicable case law. For the reasons stated herein, I will grant the defendant's plea in bar and dismiss this suit.

Bilgin was an employee of Canady & Rogerson, which was working on a demolition project under the demolition subcontractor. Canady & Rogerson thereafter engaged the defendant to perform hauling services and assigned Bilgin to assist the defendant. There were no express or written contracts.

Clearly, the defendant was engaged in the trade of Canady & Rogerson. Thus, Bilgin, as a Canady & Rogerson employee, assisting the defendant, who was engaged in the trade of Canady & Rogerson, was not a stranger to the "work in which plaintiff's employer was engaged but was, on the contrary, performing an essential part of it." See *Whalen v. Dean Steel*, 229 Va. 164 (1985).

No contract between Bilgin and/or Canady & Rogerson, on the one hand, and the defendant, on the other hand, was required under Virginia law. *Rasnick v. Pittston Co.*, 237 Va. 658 (1989).

The evidence does not establish that the defendant was compensated for her services to Canady & Rogerson, although such an arrangement could be

implied. The defendant, however, as the wife of the Rogerson in Canady & Rogerson, provided services for the clear benefit of Canady & Rogerson and thus, implicitly, to herself, even if not specifically compensated in money. Therefore, the defendant was a fellow employee of Bilgin and, accordingly, not an "other party" under the Virginia Workers' Compensation Act. Further, it matters not whether Bilgin was acting as a mechanic or a laborer when the accident occurred.

Mr. Williams will prepare an appropriate order of dismissal.