## CIRCUIT COURT OF LOUDOUN COUNTY

Norman Miller, Jr.

v.

Department of Youth
and Family Services et al.

June 10, 1999

Case No. (Law) 18720

BY JUDGE WILLIAM SHORE ROBERTSON

This personal injury action is now before the Court on the Special Pleas of the Workers' Compensation Bar filed on behalf of the Commonwealth of Virginia and the County of Loudoun respectively. By Order of March 29, 1999, the parties stipulated that for purposes of the Court's consideration of the Defendants' Pleas of the Workers' Compensation Bar, previously asserted on behalf of the Commonwealth of Virginia, and the Memoranda filed in support thereof are also asserted on behalf of other remaining Defendants: the Department of Youth and Family Services, the Virginia State Board of Youth and Family Services, and the Twentieth Judicial District Court Services Unit (Loudoun). In their Pleas of the Workers' Compensation Bar, the Commonwealth and Loudoun County move to dismiss this action as to them on the grounds that Plaintiff Miller was their statutory employee at the time he suffered the asserted injuries and that this Court, therefore, has no jurisdiction over the common law tort and breach of contract claims he has brought against them and the Commonwealth's aforementioned agencies.

Upon consideration of the various Memoranda filed in support of and in opposition to the aforesaid Pleas of the Workers' Compensation Bar, the Court concludes that it must sustain such Pleas and dismiss this case as to said Defendants for lack of subject matter jurisdiction for the reasons that follow.

The basic facts germane to the resolution of the matter now before the Court are not in dispute. This litigation arises from the severe injuries suffered by Plaintiff Miller when while on duty as a Loudoun County Deputy Sheriff in the Juvenile Interim Holding Facility in Leesburg, he was assaulted and battered by juvenile inmates of that facility.

Plaintiff has sued Defendants for negligence, gross negligence, and breach of contract. Plaintiff's claim for breach of contract references the March 28, 1994, Memorandum of Understanding entered into by the Loudoun County Sheriff's Office, the Twentieth Judicial District Court Services Unit (Loudoun), and the Virginia Department of Youth and Family Services in order to "facilitate the development and implementation of the Loudoun 72 Hour Secure Juvenile Program" at the Juvenile Interim Detention Center. In general terms, Mr. Miller alleges that the Commonwealth and its agencies and Loudoun County were negligent, grossly negligent, and in breach of the aforesaid Memorandum of Understanding in failing to provide plaintiff with the proper training, technical assistance, and counseling; failing to properly regulate, monitor, and secure the juvenile facility; and failing to limit the number of inmates at the facility to three.

The threshold question in applying the Workers' Compensation Act is whether the injury suffered by an employee resulted from an accident arising out of and in the course of the employee's employment. *See, e.g., Griffith v. Raven Red Ash Coal Co.,* 179 Va. 790, 796 (1942). Here, there is no question that Mr. Miller's injuries arose out of and in the course of his employment as Deputy Sheriff. It is further resolved that at the time the injuries occurred, Mr. Miller was the immediate employee of the Sheriff of Loudoun County and the Loudoun County Sheriff's Office. Accordingly, by Order entered April 30, 1998, this Court granted the Special Plea in Bar of the Workers' Compensation Act as to Defendants Sheriff Stephen O. Simpson, former Sheriff John R. Isom, and the Loudoun County Sheriff's Office and took under advisement the issue of the applicability in this case of the Workers' Compensation Act to Defendant Loudoun County.

The remaining Defendants now join Defendant Loudoun County in asserting that Mr. Miller's actions against them are also barred by the Virginia Workers' Compensation Act. That Act, they contend, constitutes, per Virginia Code § 65.2-307, Mr. Miller's exclusive available remedy as a covered employee.

The question now before the Court then is whether the Commonwealth of Virginia and its agencies and Loudoun County are also immune from common law actions as employers of Mr. Miller. It is well settled in Virginia that when an employee is injured in the performance of his duties for his employer (i.e.,

in a work-related accident), his common law remedies are barred by Virginia Code § 65.2-307 such that his sole and exclusive remedy against his employer or those acting in the employer's stead lies in the compensation benefits provided for in the Virginia Workers' Compensation Act. *Griffith* at 797. Furthermore, an assault on an employee by a third party is an "accident" within the contemplation of the Workers' Compensation Act. See, e.g., *Graybeal v. Board of Supervisors*, 216 Va. 77 (1975) (Commonwealth's Attorney injured by exploding bomb placed on his car by revenge-seeking assailant).

However, under the Workers' Compensation Act, specifically Virginia Code § 65.2-309, a common law action against a third party who is an "other party" within the meaning of the Act may be brought by the injured employee. *Burroughs v. Walmont, Inc.*, 210 Va. 98, 99 (1969). An "other party" is defined in Virginia Code § 65.2-800 as a "person other than an employer or statutory employer, or a person employed by either, whose acts result in such injury or death." The Supreme Court stated in *Burroughs* that an "other party" is one who, at the time of the accident, is not performing work that is part of the trade, business, or occupation of the injured employee's employer, *id.* at 99, and added in *Rasnick v. Pittston Co.*, 237 Va. 658, 662 (1989) (citing *Feitig v. Chalkley*, 185 Va. 96, 104 (1946)), that "other party" refers to "those who are strangers to the employment and the work and does not include [the employer] or those conducting his business." In other words, the Workers' Compensation Act does not extend to accidents caused by "strangers to the business." *Feitig* at 99.

Mr. Miller, relying on *Feitig*, contends that the Commonwealth and its agencies and Loudoun County are "strangers to the business" in which Mr. Miller was involved when he was injured and that as "strangers to the business," they are not entitled to invoke the statutory immunity provided by the Workers' Compensation Act.

As pointed out above, the test of whether a person or entity is a "stranger to the business" is whether the act complained of relates to the business of the employer. *Rasnick* at 662. Mr. Miller, in that regard, asserts that:

> In the instant case, Loudoun County and its agencies, as well as the Commonwealth and its agencies, negligently failed to comply with the reasonable standards outlined in [the March 28, 1994, Memorandum of Understanding] between the Loudoun County Sheriff's Office, Loudoun County Court Services [sic] and the Commonwealth of Virginia's agencies. The agreement set the standard for safe operating procedures within the detention center, but

it also focused on matters which were outside the normal business of the Sheriff's Office, i.e., the placing of children in permanent facilities, counseling and training services for deputies working with adolescents. Certainly, the Sheriff's Office is not in the business of providing counseling and training about the behavior of adolescents. The County of Loudoun and its agencies failed to comply with the agreement and, as a result, plaintiff was critically injured. Plaintiff should summarily not be denied his common law action against the responsible parties.

The Court does not agree. Plaintiff's contention that the Commonwealth and its agencies and Loudoun County are "strangers to the business" in which Mr. Miller was engaged when he was injured is erroneous.

Respectively, Mr. Miller misapplies the *Rasnick* test by incorrectly focusing solely on the business of only one of his employers, the Sheriff's Office. Mr. Miller, however, is one of those distinctive government employees who works for and engages in the business of more than one governmental employer. He obviously serves under the Loudoun County Sheriff, a constitutional officer, and is an employee of the Loudoun County Sheriff's Office, but he also is an employee, within the contemplation of the Workers' Compensation Act, of the Commonwealth of Virginia and the County of Loudoun. The Commonwealth pays a portion of his salary and his expense allowances pursuant to Virginia Code § 14.1-79, and, pursuant to the Cooperative Agreement between the Board of Supervisors and the Sheriff of Loudoun County, effective January 1, 1992, the County pays the remaining portion of his salary and provides benefits to him commensurate with those provided to other County employees. Furthermore, said Agreement provides that Deputy Sheriffs are, with the exception of grievance procedures, subject to the Personnel Policies and Regulations promulgated by the County. Nor can there be any doubt that the Plaintiff, at the time he suffered the subject injuries, was engaged, within the contemplation of the Workers' Compensation Act, in the trade, business, or occupation of the Commonwealth and Loudoun County. Both governmental entities are clearly in the business of law enforcement and in the adjunct business of funding, operating, and staffing juvenile detention centers. The Virginia Code is replete with sections authorizing and empowering the state and local governments to perform such functions. *Roberts v. City of Alexandria*, 246 Va. 17, 19 (1993) (citing and quoting *Ford v. City of Richmond*, 239 Va. 664, 669 (1990)).

Accordingly, Mr. Miller's argument that the Sheriff's Office was not in the business of placing children in permanent facilities or providing

counseling and training to deputies working with adolescents is irrelevant to the matter at hand, as is his assertion that the March 28, 1994, Memorandum of Understanding "focused on matters which were outside the normal business of the Sheriff's Office." What matters is that those acts ascribed to the Commonwealth and the County and complained of by the Plaintiff were performed by Mr. Miller's employers and, thus, were related to the business of Mr. Miller's employers, in satisfaction of *Rasnick*. Hence, the Commonwealth and its agencies and Loudoun County as employers of Mr. Miller must not be considered as "strangers to the business" in which Mr. Miller was involved when he was injured.

For the reasons stated, it is this Court's opinion that Mr. Miller's claims against the Commonwealth and its agencies and against Loudoun County are barred by the exclusivity provision in the Virginia Workers' Compensation Act. Consequently, the Commonwealth and Loudoun County's Pleas of the Workers' Compensation Bar must be sustained and this case dismissed as to them and their agencies.